898 F.2d 145
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Marianne GATTERMAN, Plaintiff-Appellant,
v.
James T. RHODES, President, Virginia Power Company; Kenneth
Lane, Director, Customer Service; Lynn Hightower;
Terry Patch; Virginia Power Company,
as a Corporate Entity,
Defendants-Appellees.
 No. 89-1500.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 28, 1989.
Decided: Feb. 28, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (C/A No. 89-811-A)
 Marianne Gattermann, appellant pro se.
 Linda Lemmon Najjoum, Hunton & Williams, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Marianne Gattermann appeals from the district court's order dismissing her claims under the Fair Packaging and Labeling Act, the Truth-in-Lending Act, the Fair Credit Reporting Act, the Equal Credit Opportunity Act, the Fair Debt Collections Act, 42 U.S.C. Sec. 1983, and the Privacy Act. Our review of the record discloses that this appeal is without merit.
 
 
 2
 Gattermann alleged in her complaint that Virginia Power wrongfully and illegally shut off her electricity. Gattermann's electricity was disconnected for several days while the parties attempted to settle a dispute over whether Gattermann owed Virginia Power money from a previous account she had held under another name. We find that the facts alleged fail to state a claim under any of the above acts.
 
 
 3
 Electricity is not a "consumer commodity" whose packaging is regulated by the Fair Packaging and Labeling Act. 15 U.S.C. Sec. 1459(a). Public utilities regulated by the state are exempted from the requirements of the Truth-in-Lending Act. 15 U.S.C. Sec. 1603(4). Transactions solely between a consumer, such as Gattermann, and the author of a credit report, as Gattermann alleges Virginia Power to be, are not included under the Fair Credit Reporting Act. 15 U.S.C. Sec. 1681. Gattermann alleged no facts showing that Virginia Power discriminated against her in the extension of credit pursuant to 15 U.S.C. Sec. 1691(a) of the Equal Credit Opportunity Act. Finally, Virginia Power is a private company and is not a "debt collector," state actor, or government agency as required by the Fair Debt Collections Act, 42 U.S.C. Sec. 1983, or 5 U.S.C. Sec. 552a.
 
 
 4
 Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.